NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

GORDON MANUFACTURING COM-
PANY, Respondent.

No. 17861.

United States Court of Appeals
Sixth Circuit.

June 6, 1968.

Leon M. Kestenbaum, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Herman M. Levy, William H. Carder, Attorneys, N. L. R. B., Washington, D. C., on brief, for petitioner.

Norman E. Jabin, Grand Rapids, Mich., Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., of counsel, for respondent.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions this Court to enforce its order against Gordon Manufacturing Company, Respondent, reported at 158 NLRB 131. Respondent was found to have violated Section 8(a) (1) of the Act, 29 U.S.C. § 158(a) (1), by coercively interrogating and threatening its employees who were engaged in union activity and Section 8 (a) (1) and (5) of the Act, 29 U.S.C. § 158(a) (1) and (5), by refusing in bad faith to bargain with Local 406, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter "Union"), which represented a majority of the Respondents' employees. The Board issued an order requiring appropriate postings and requiring Respondent to cease and desist its violations of Section 8(a) (1) and (5) of the Act and to bargain with the Union upon request. We find that the Board's findings and order are supported by substantial evidence on the record as a whole and grant enforcement.

Only the objections to the authenticity of the cards and to the propriety of the bargaining order need be discussed. Eleven employees out of a bargaining unit of seventeen employees signed Union authorization cards. The cards were single purpose cards, authorizing representation and making no mention of an election; and the signatures were obtained in only two days of organization effort. Respondent claims, however, that five signatures were obtained by misrepresentation.

■ Three of the contested cards were signed by employees who were proficient enough in English to read and understand the clear and unambiguous statement of representation contained on the card. Although positive misrepresentation might vitiate even a single purpose card, Cf. Dayco Corporation v. National Labor Relations Board, 382 F.2d 577, 582 (6th Cir. 1967), no hint of a misrepresentation of that character is contained in this record. Under these circumstances, an employee's purported afterthoughts as to what he thought signing a card meant cannot negative the overt act of having signed a card designating a Union as his bargaining representative. National Labor Relations Board v. Winn-Dixie Stores, Inc., 341 F.2d 750, 755 (6th Cir. 1965).

■ The remaining two contested cards were signed by Spanish-speaking employees who could not read English. Although it would have been better if the cards had been written in Spanish, we do not find that defect fatal to their authenticity for two reasons. First, the employee who solicited signatures spoke Spanish, and his uncontradicted testimony establishes that he did not mention an election in his solicitation of the two contested signatures; rather he told the two employees that by signing the cards they would get a Union representative to come speak to the employer and protect them. Secondly, although the two employees testified at the hearing, Respondent did not attempt to elicit any testimony from them concerning what they were told prior to signing the authorization cards.

■ Finally, Respondent contends that a bargaining order is not an appropriate remedy in this case. We disagree. The Section 8(a) (1) violations committed by Respondent were flagrant and continued over a long period of time. Although several employees attempted to revoke their authorization of the Union, the Trial Examiner found, and the rec-

ord supports his finding, that the attempted revocations were a result of Respondent's Section 8(a) (1) violations. Under these circumstances, we cannot say that the Board abused its discretion in issuing a bargaining order. Franks Bros. Co. v. National Labor Relations Board, 321 U.S. 702, 64 S.Ct. 817, 88 L. Ed. 1020 (1944).

■■ Respondent has also contested the Board's determination of the status of two employees as supervisors and of another employee as an "individual employed by his parent". We find no error in the Board's findings on these issues nor in the Board's conclusion that the Respondent had no good faith doubt of the Union's majority status at the time of the bargaining request.

Enforcement granted.