496 F.2d 862
 80 L.R.R.M. (BNA) 3166, 68 Lab.Cas. P 12,846
 NATIONAL LABOR RELATIONS BOARD, Petitioner, and
International Union, United Automobile, Aerospace
and Agricultural Implement Workers of
America, Intervenor,
v.
ESSEX WIRE CORPORATION, Respondent.
 No. 71-2080.
 United States Court of Appeals, Sixth Circuit.
 Argued June 2, 1972.
Decided June 8, 1972.
 
 Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Cooley Baskir, Stephen C. Yohay, Attys., National Labor Relations Board, Washington, D.C., on brief, for petitioner.
 Stringari, Fritz, Asher & Kreger by Richard J. Fritz, Detroit, Mich., on brief, for respondent.
 Before CELEBREZZE, McCREE and KENT, Circuit Judges.
 
 ORDER
 
 1
 The Board, in agreement with the Trial Examiner, found that the Company violated 8(a)(1) of the Act, 29 U.S.C. 151 et seq., by threatening and coercive interrogation of its employees and by speeches on the part of management which threatened economic reprisals in the event of a vote for the Union.[1] While the evidence is in substantial conflict upon consideration of the record as a whole, we cannot say that there is not substantial evidence to support the finding as to Section 8(a)(1) violation.
 
 
 2
 The Board in agreement with the Trial Examiner further found that the respondent violated Section 8(a)(5) of the Act by refusing to bargain with the Union upon request based upon a claimed majority represented by authorization cards.
 
 
 3
 Upon consideration of the record as a whole we are not satisfied that the facts presented are sufficient to justify the bargaining order which the Board seeks to enforce. We recognize the impact of N.L.R.B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), but do not find the rationale of that decision applicable to the facts of this case. Rather the language of the Court of Appeals for the Fifth Circuit in N.L.R.B. v. American Cable Systems, Inc., 427 F.2d 446, 449 (1970), cert. den., 400 U.S. 957, 91 S.Ct. 356, 27 L.Ed.2d 266, is more appropriate. In the present case the language of the Fifth Circuit, 427 F.2d 449, describes the reasoning of the Board in ordering bargaining as a 'a litany, reciting conclusions by rote without factual explication.'
 
 
 4
 It is, therefore, ordered that enforcement be granted only as to the Section 8(a)(1) violation, and is denied as to the alleged Section 8(a)(5) violation.
 
 
 
 [1]
 The Board's order is found at 188 N.L.R.B. No. 59