**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**EAST SIDE SHOPPER, INC., et al., Respondents.**

**No. 73–1925.**

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1974.

Decided June 25, 1974.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John D. Burgoyne, Sandra R. Mc-Candless, Attys., National Labor Relations Board, Washington, D. C., on brief for petitioner.

Keywell & Rosenfeld by Robert S. Rosenfeld, Herman D. Healy, Birmingham, Mich., on brief, for respondents.

Before WEICK, PECK and ENGEL, Circuit Judges.

WEICK, Circuit Judge.

In this case we consider the Board's application for enforcement of its order against East Side Shopper, Inc., Tri-County Printers, Inc., Publishers Circulation Service, Inc., d. b. a. DAWN (Detroit Area Weekly Newspapers, Inc.) hereinafter referred to as Company. The order was issued on July 9, 1973 and is reported at 204 NLRB 125 (1973).

The Board found that the company had violated Section 8(a)(1) of the Act by engaging in coercive interrogation of one employee, by granting vacation benefits to part-time employees, and by instituting new rules on grievance and layoff procedures. The Board also found violations of Sections 8(a)(3) and (1) resulting from the discharge of three employees who had participated in the union organization effort. Finally, the Board found that the company had violated Sections 8(a)(5) and (1) of the Act by refusing to recognize and bargain with the union on the basis of a

majority of authorization cards. The Board set aside an election conducted on June 12, 1972, in which 21 votes were cast for the union and 37 votes were cast against the union.

The company contends that there is not substantial evidence to support the finding of §§ 8(a)(1) and 8(a)(3) violations. It further contends that a § 8(a)(5) bargaining order was not appropriate because the Board's finding of an impossibility of a fair election being held was only conclusory, and that such finding was not supported by substantial evidence.

■ We conclude from our examination of the record that there was substantial evidence to support the Board's order with respect to §§ 8(a)(1) and 8(a)(3) violations. However, we are not satisfied that the facts in this case warrant the bargaining order.

■ While NLRB v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L. Ed.2d 547 (1969), sanctions such an order in certain circumstances, our decision in NLRB v. Essex Wire Corp., 496 F.2d 862 (6th Cir., 1972), which followed the decision of the Fifth Circuit in NLRB v. American Cable Systems, Inc., 427 F.2d 446 (5th Cir. 1970), is more appropriate to the fact situation here. The Fifth Circuit in *American Cable Systems* described the reasoning of the Board in ordering the company to bargain, as "a litany, reciting conclusions by rote without factual explication." 427 F.2d at 449. We think the same is true in the present case.

The interrogation violation in this case was only marginal. The answers of the one employee involved were honest and direct, and they indicate little real coercion. Moreover, this one incident took place back in April, 1972, and simply does not have a continuing impact. Likewise, the vacation policies with respect to part-time employees and grievance procedures have also been in effect for that long, and while they may have

had some impact in the first election we cannot conclude that those actions still would prevent a fair election at this time.

With respect to the Section 8(a)(3) violations, it appears that in September, 1972 all of the three discharged employees were offered reemployment. This was five months after their initial discharges, and long before the company was under any order to offer reinstatement in July, 1973. One of the three discharged employees (Mass) accepted the offer; one (Musial) rejected the offer; and one (Baer) did not respond.

We are of the opinion, considering the record as a whole, that there is not substantial evidence to support the Board's bargaining order.

The hearing before the Administrative Judge on the unfair labor practices charges filed against the company was closed on November 26, 1972.

The company moved in this Court to supplement the record on appeal with affidavits showing that on February 1, 1973, prior to the decision of the Administrative Judge and the decision of the Board, the company sold all of its assets to Panax, Inc.; that the business is being operated by new management; and that there has since been a turnover in employees of more than fifty percent. The motion was denied by a Judge of this Court, and the papers have been appended to Respondent's brief filed in this Court.

■ It is clear that there can be no adjudication of liability against a successor without affording it full opportunity to present any defenses which it may have. Golden State Bottling Co. v. NLRB, 414 U.S. 168, 94 S.Ct. 414, 38 L. Ed.2d 388 (1973). A bona fide successor with knowledge of an unfair labor practice may be ordered to reinstate a discharged employee, with back pay. The old company and the successor are jointly and severally liable for the back pay award. *Golden State, supra.*[1]

---

1. A cease and desist order may not be entered against the successor because it did not commit any unfair labor practice.

Thomas Eng'r Corp., 179 NLRB 1029, enforced sub. nom., United Automobile Workers v. NLRB, 442 F.2d 1180 (9th Cir. 1971).

Content:

Enforcement is ordered against the company only of the Board's order finding a violation of Sections 8(a)(1) and 8(a)(3) of the Act; and enforcement is denied as to the Section 8(a)(5) alleged violation.

A successor is not liable to carry out the provisions of a collective bargaining agreement. NLRB v. Burns Int'l Security Services, Inc., 406 U.S. 272, 92 S.Ct. 1571, 32 L. Ed.2d 61 (1972).