**MACHINE TOOL AND GEAR, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 78–1431.

United States Court of Appeals, Sixth Circuit.

Argued April 25, 1978.

Decided Sept. 30, 1980.

Malcolm D. Brown, The Fishman Group, Bloomfield Hills, Mich., for petitioner.

Elliott Moore, William Wachter, Deputy Associate Gen. Counsel, Candace M. Carroll, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for respondent.

Before KEITH and MERRITT, Circuit Judges, and WISEMAN, District Judge.*

## ORDER

This cause is before us upon a petition of Machine Tool and Gear, Inc., ("the Company") pursuant to Section 10(f) of the National Labor Relations Act (the Act) as amended (61 Stat. 136, 73 Stat. 519, 88 Stat. 395, 29 U.S.C., Sec. 151 *et seq.*) to review a Decision and Order of the National Labor Relations Board (the Board) issued on August 25, 1978, and reported at 237 NLRB No. 172. The Board filed a cross-application for enforcement of its Order.

The Board ruled that the Company violated Section 8(a)(1), (3), and (5) of the Act by "laying off", terminating, paying improper "Christmas bonuses" and threatening employees in a manner designed to thwart union organizing within the Company. The Board's Order required the Company to cease and desist from the unfair labor practices found. It also required the

Company to offer reinstatement to all the employees terminated as a result of the Company's unfair labor practices, to offer back pay to those employees, and to recognize and bargain collectively with the Union.

The Company advances several grounds for its position that the Board's order should not be enforced.

■ First, the Company contends that the Board's Order with respect to reinstatement of Gregory Stone should not be enforced because the scope of the Act's protection does not cover Stone since he was a supervisor within the meaning of Section 2(11) of the Act. However, the Board found that Stone was not a supervisor, because he was not empowered to exercise the "independent judgment" required by the provision. The Board noted that he did not hire, fire, or discipline, but was a mere conduit for the directions of the Company's actual supervisory personnel.

The determination "[w]hether an employee is a supervisor or not is a question of fact, and the Board's resolution of that issue is conclusive if supported by substantial evidence." *Pulley v. N.L.R.B.*, 395 F.2d 870, 875 (6th Cir. 1968). The Board's finding of fact here is supported by substantial evidence.

■ Second, the Company contends that the Board did not violate the Act by coercively interrogating or threatening employees, by laying them off, or by terminating them or by paying "Christmas bonuses" designed to hinder union organizing. Again, however, the Board's findings are supported by substantial evidence.

■ The Company also contends that the Board's finding that it failed to recognize and bargain with the union in violation of Section 8(a)(5) and (1) of the Act is in error because the alleged misrepresentations by Union organizers to the non-English speaking and illiterate company workers prevent-

---

* Hon. Thomas A. Wiseman, Jr., Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

ed the acquisition of actual majority support for the Union. However, the Board's finding that there were no misrepresentations outside the standard set out in *N.L.R.B. v. Gissel Packing Co. Inc.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1960) is again supported by substantial evidence.

■ Finally, the Company argues that the Bargaining Order issued by the Board is improper. This Court finds that the Board's issuance of the Bargaining Order to remedy the Company's unfair labor practices is not an abuse of the discretion given the Board under § 10(c) of the Act. *See N.L.R.B. v. Gissel Packing Co., Inc., supra, N.L.R.B. v. Production Industries, Inc.*, 425 F.2d 1206 (6th Cir. 1970) and *N.L.R.B. v. Gordon Mfg. Co.*, 395 F.2d 668 (6th Cir. 1968).

Upon a review of the record as a whole, the court is of the opinion that substantial evidence supports the findings of the Board, and that it did not abuse its discretion in issuing its Order. Accordingly, the Order of the Board is enforced.