**SELIGMAN AND ASSOCIATES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 79–1115.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 18, 1980.

Decided Jan. 21, 1981.

Rehearing Denied April 30, 1981.

Irwin M. Alterman, Hyman, Gurwin, Nachman, Friedman & Winkelman, Southfield, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., James Callear, Washington, D. C., for respondent.

Before WEICK and BOYCE F. MARTIN, Jr., Circuit Judges and NIXON, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

This case is before the Court on the petition of Seligman and Associates, Inc. for review of an order of the National Labor Relations Board and on the Board's cross-application for enforcement of the order.

* Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

The unfair labor practices at issue here arose out of organizing activities by Local 79, Service Employees International Union, AFL–CIO and by various employees at apartment complexes managed by Scott Management Company, an unincorporated division of Seligman. On December 8, 1976, the union filed a petition for an election in a unit of all maintenance men, custodians, caretakers, and groundsmen employed at the 21 apartment projects managed by Scott. In a separate proceeding, Scott contended that this was not an appropriate unit and also that assistant managers at larger complexes were supervisors and not within the unit. After an extensive hearing, the Regional Director filed a decision on May 3, 1977 sustaining the unit. Scott's request for review of that decision is still pending before the Board because the Regional Director suspended proceedings when the union demanded a bargaining order without an election in the unfair labor practices case which is the subject of this appeal.

The consolidated unfair labor practice charges concern the company's actions during the period in which the organization activities occurred. Adopting the finding and conclusions of the Administrative Law Judge, the Board found, *inter alia* : that Scott was an employer, within the meaning of the Act, of the employees at the 21 apartment projects; that Scott violated § 8(a)(1) of the Act by discharging David and Susan Younce for engaging in protected concerted activities, and by threatening employees with replacement by independent contractors because of the employees' union activities; and that Scott violated § 8(a)(3) and (1) by discharging Clarence Goold because of his union activities. Finally, the Board affirmed the finding that the employees comprised an appropriate unit but that a bargaining order was not justified because the union did not show that it represented a majority of the employees in the unit.

The Board's order requires Scott to cease and desist from the unfair labor practices found, to reinstate and make whole the discharged employees, and to post notices at each of the 21 apartment projects it manages.

■ Scott contends on appeal that the Board erred in finding that an employer-employee relationship exists between Scott and these employees and that the employees comprised an appropriate unit. It argues that these findings were unnecessary and prejudicial to the company's pending appeal in the representation case, that they were improperly based on the record and decision in the representation case, and that they are not supported by substantial evidence. We think each of these arguments is without merit.

Scott argues that in light of the Board's denial of the requested bargaining order, it should have abstained from determining whether there was an appropriate unit. It is clear that Scott sought to remove the unit determination issue, which is the subject of its pending appeal in the representation case, from consideration in this unfair labor practices case. The Administrative Law Judge addressed the question, however, and our function is to decide whether his unit determination is supported by substantial evidence. The issue was relevant to the Board's request for a bargaining order and was fully litigated below. That the decision on the request for a bargaining order did not require a unit determination is of no concern to this Court.

The admission of the transcript and exhibits of the hearing in the representation case was not error. The Board need not permit complete relitigation of the unit determination issue. *See Amalgamated Clothing Workers of America, AFL–CIO v. N.L.R.B.*, 365 F.2d 898, 905 (D.C.Cir.1966). The Administrative Law Judge stated that she was not bound by the Regional Director's decision, and Scott was expressly permitted to call witnesses to testify with respect to the appropriateness of the unit.

The Board's findings of an employer-employee relationship and an appropriate unit are supported by substantial evidence in the record. There is ample evidence of Scott's full and centralized control over the em-

ployees and that the employees have the common interests necessary to comprise an appropriate unit. Moreover, we agree with the Board that the multi-complex unit would not be rendered inappropriate even if the complex owners are separate joint employers. *See Archdiocese of Philadelphia, et al,* 227 N.L.R.B. 1178. In addition, we find that the inclusion of the assistant managers in the unit is supported by substantial evidence.

Scott further contends that three of the unfair labor practices found by the Board are not supported by substantial evidence. We disagree. As for the threats made by Marjorie Wrobel, we find it irrelevant that she was friendly with the employees she spoke to and that she eventually married one of them. Section 8(a)(1) prohibits any conduct, friendly or not, which interferes with the free exercise by employees of their rights under the Act. The other two contested findings are firmly supported by the consistent pattern of hostility toward the protected activities by manager Saunders.

Scott also contends that the claims of the Younces that they were illegally discharged are barred by the statute of limitations, by express waiver, and by the doctrine of estoppel. We disagree. Personal service of the charge upon Manager LaFrance at Eureka Townhouses within the six month limit constituted sufficient and timely service upon Scott. *See N.L.R.B. v. Clark,* 468 F.2d 459 (5th Cir. 1972). We also agree that the prior withdrawal of the same charge does not constitute a waiver thereof, and we find no waiver of the claim in the record. Finally, we find no reason to invoke the equitable doctrine of estoppel to preclude the Younces from filing the charge a second time.

Finally, the Board's reinstatement order has not been mooted by Scott's partial compliance with it. In addition, we find no reason to conclude that the order to post notices at all of Scott's apartment projects is improper.

Accordingly, the order of the Board should be enforced.