## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## NAUM BROTHERS, INC., Respondent.*

No. 79–1222.

United States Court of Appeals, Sixth Circuit.

March 17, 1981.

* Editor's Note: The opinion in Saulsbury v. Wismer and Becker, Inc. which appeared in the advance sheet at this citation (637 F.2d 589), was withdrawn from the bound volume at the request of the Court.

Elliott Moore, Barbara Bado, Deputy Associate Gen. Counsel, Paul Spielberg, Bernard Jeweler, N.L.R.B., Washington, D. C., for petitioner.

Sidney S. Wolchok, Jon David Sherry, New York City, for respondent.

Before WEICK, ENGEL and BOYCE F. MARTIN, Jr., Circuit Judges.

PER CURIAM.

This case is before the Court on the application of the National Labor Relations Board for enforcement of its order.

Naum Brothers is a New York corporation which operates a chain of retail department stores in New York and Michigan. Its Drayton Plains, Michigan facility is the only store involved in this case. After Naum Brothers' acquisition of the store in 1976 the Union [1] began its efforts to organize the store's employees. A petition was filed with the Board and an election was held in which the Union did not receive a majority. The Union subsequently filed objections to the conduct of the election and an unfair labor practice charge, alleging various acts of coercion and interference with employee's protected rights in violation of § 8(a)(1) of the National Labor

[1]. Retail and Department Store Employees, Amalgamated Clothing and Textile Workers Union, AFL–CIO.

Relations Act. Just prior to the election the Union had filed another unfair labor practice charge, alleging that the Company discriminatorily discharged employee Dean A. Martin in violation of § 8(a)(3) and (1) of the Act.

The Board adopted, with certain modifications, the findings and conclusions of the Administrative Law Judge. It found that the Company violated § 8(a)(1) of the Act by: promulgating and maintaining an overly broad and unlawful prohibition against solicitation on behalf of the Union; interrogating employees about their union activities and desires; creating the impression that its employees' union activities were being kept under surveillance; soliciting employees' complaints and grievances and expressly or impliedly promising to provide remedies; indicating to employees that unionization would be futile and might lead to closure of the store; and promising and granting improved employee benefits and wage increases to discourage adherence to the Union. The Board further found that the Company violated § 8(a)(3) and (1) of the Act by discharging and refusing to reinstate employee Dean Martin in order to discourage union activities.

The Board's order requires the Company to cease and desist from committing unfair labor practices and to take the customary affirmative action. It also orders the Company to bargain with the Union, upon request, as the exclusive representative of all the employees in the bargaining unit.

■ The Company's first contention on appeal is that it did not violate § 8(a)(1) by prohibiting solicitation on behalf of the Union. We hold that the Board's finding on this issue is supported by substantial evidence. The record shows that the signs prohibiting solicitation were posted after the filing of the petition and removed after the election. It is uncontested that on at least one occasion the prohibition was repeated by a supervisor in the presence of an employee. Although the Company argues that everyone understood that the no-solicitation rule was aimed only at non-employee solicitation, there is no evidence which sug-

gests such a limitation on the applicability of the rule. *See Essex International, Inc.,* 211 N.L.R.B. 749 (1974).

■ The Company next contends that there is no substantial evidence supporting the finding that its company-wide increase in wages and certain other benefits violated § 8(a)(1). There is testimony in the record (of Susan Adkins, Margaret Bentley, and Richard Cassidy) relating to two meetings of employees and their supervisors which supports the Board's findings that the Company unlawfully solicited employee grievances and expressly or impliedly promised to provide remedies. *See Landis Tool Co., Division of Litton Industries v. N.L.R.B.,* 460 F.2d 23 (3rd Cir.), *cert. denied,* 409 U.S. 915, 93 S.Ct. 237, 34 L.Ed.2d 177 (1972). We also hold that the timing and manner of the wage increases and benefit improvements supports the conclusion that they were instituted by the Company to discourage union activity. *See N.L.R.B. v. Exchange Parts Co.,* 375 U.S. 405, 84 S.Ct. 457, 11 L.Ed.2d 435 (1964).

■ As for the discharge of employee Dean Martin, we find the conclusion of the Board that the Company violated § 8(a)(3) and (1) to be supported by substantial evidence. There is ample evidence in the record supporting the inferences drawn by the ALJ and her credibility determinations. That contrary inferences and credibility determinations may also be supported by the record, as the Company argues, is not relevant on appeal. Our function is not to make a *de novo* review of the evidence. The decision of the ALJ recites substantial factual support for the Board's conclusion of unlawful discharge. We therefore must uphold that conclusion.

■ The Company argues that the additional 8(a)(1) violations are not supported by substantial evidence on the record as a whole. We find that the comments and questions of Zipf, Tabb, and Charles Martin to employees provide the requisite support for the Board's finding of unlawful interrogation. We further agree with the ALJ's conclusion that Charles Martin was a supervisor and agent of respondent. *Cf. Jay's*

*Foods, Inc. v. N.L.R.B.*, 573 F.2d 438, 444–5 (7th Cir.), *cert. denied*, 439 U.S. 859, 99 S.Ct. 176, 58 L.Ed.2d 167 (1978). We also note that the fact that Charles Martin's conversation with Olsen may have been "friendly" does not preclude the Board's conclusion. *Cf. Seligman and Associates, Inc. v. N.L. R.B.*, 639 F.2d 307 (6th Cir. 1981).

Similarly, we hold that there is substantial evidence of record, which is cited by the ALJ in her decision, supporting the Board's findings that the Company (a) created the impression that the employees' union activities were being kept under surveillance, and (b) indicating to employees that unionization would be futile and might lead to closure of the Drayton Plains store.

The Company's final contention is that the Board's decision to issue a bargaining order is not supported by substantial evidence. The Company argues that neither the ALJ nor the Board engaged in the analysis required by *N.L.R.B. v. Gissel Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), before deciding that a bargaining order, rather than a second election, was the appropriate remedy. It contends that the unfair labor practices found by the Board were not egregious, pervasive, or of sufficient lasting effect to warrant a bargaining order.

This Court has refused to enforce bargaining orders in cases were the unfair labor practices would not, in our opinion, prevent a fair election. *N.L.R.B. v. East Side Shopper, Inc.*, 498 F.2d 1334 (6th Cir. 1974). We have also endorsed the view that enforcement will be denied when the reasoning of the Board in ordering bargaining is "a litany, reciting conclusions by rote without factual explication." *N.L.R.B. v. Essex Wire Corporation*, 496 F.2d 862 (6th Cir. 1972), (quoting from *N.L.R.B. v. American Cable Systems, Inc.*, 427 F.2d 446 (5th Cir.), *cert. denied*, 400 U.S. 957, 91 S.Ct. 356, 27 L.Ed.2d 266 (1970)).

In the portion of her decision subtitled "The Remedy," the ALJ set forth her reasons for recommending a bargaining order: (1) The promise and grant of substantial wage increases and improved benefits given to virtually all of the members of the bargaining unit render it unlikely that a free election could be held; (2) the general and individual communications with employees regarding the possible closure of the store in the event of unionization are among the most flagrant means of interfering with the exercise of employees' § 7 rights; and (3) the discriminatory discharge of Dean A. Martin during the election campaign poses a warning to the employees of the potential high cost of supporting the Union. This is the kind of analysis which the *Gissel* case mandates. Since the Board adopted the ALJ's reasoning, its decision to require the Company to bargain was properly supported and within its power to order the appropriate remedy. *Cf. N.L.R.B. v. Delight Bakery, Inc.*, 353 F.2d 344 (6th Cir. 1965). Accordingly, the order of the Board is to be enforced.