**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**REXAIR, INC., Respondent.**

**No. 79–1530.**

United States Court of Appeals, Sixth Circuit.

Argued April 9, 1981.

Decided April 23, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., David Marshall, Washington, D. C., Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., for petitioner.

A. David Mikesell, Honigman, Miller, Schwartz & Cohn, John Sklar, Detroit, Mich., for respondent.

Before KEITH, MERRITT and MARTIN, Circuit Judges.

ORDER

The National Labor Relations Board is applying to the court under § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), to enforce its order setting aside the results of a disputed election in which the United Furniture Workers Union lost its bid to represent the employees at Rexair's Cadillac, Michigan plant; requiring Rexair to cease and desist from engaging in certain activities violating §§ 8(a)(1) and

8(a)(3) of the Act, 29 U.S.C. §§ 158(a)(1) and 158(a)(3); and ordering Rexair to recognize and bargain with the Union upon request. The challenged activities occurred after the Union obtained authorization cards from a large majority of the plant's employees in early December 1977 and requested recognition by Rexair. The latter refused, and the two parties entered into a Stipulation for Certification Upon Consent Election. The election was held on February 14, 1978. The Union lost, and it filed objections to the election, charging that Rexair had engaged in numerous unfair labor practices during the campaign. After a hearing, the administrative law judge found that almost every one of the challenged activities constituted an unfair labor practice, and he held that Rexair's unlawful conduct "impeded the election process, undermined the Union, and destroyed its majority status" (App. 23). He held that issuance of a cease and desist order and holding a new election would be an unsatisfactory remedy, and he therefore ordered that the Union be recognized without a rerun election and that Rexair bargain with it upon request. The Board upheld the ALJ's decision, stating simply, "The Board has considered the record and the attached Decision in light of the exceptions and brief and has decided to affirm the rulings, findings, and conclusions of the [ALJ] and to adopt his recommended Order [with small modifications not relevant here]" (App. 29) (footnote omitted).

■ The standard employed by courts reviewing a Board determination of factual issues is whether its findings are "supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). Upon review of the record we hold that the ALJ's finding that Rexair engaged in unfair labor practices during the unionization drive is supported by substantial evidence. Although some of Rexair's challenges reveal that there may be some debate about individual findings of the ALJ, we do not believe that Rexair has sustained the burden of demonstrating that the ALJ erred in concluding that the company had engaged in unfair labor practices necessitating the vacating of the election results.

More difficult, however, is the issue of the remedy imposed. In *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), the Supreme Court held that although holding a new election is the preferred remedy, a bargaining order may issue without a new election in either of two situations: when employer violations have been "flagrant" or "egregious"; or when a union obtained a majority status at some point prior to the election, and the employer's conduct, though not outrageous, "nonetheless still [has] the tendency to undermine majority strength and impede the election process." 395 U.S. at 613–15, 89 S.Ct. at 1939–1941. The ALJ found that the present case fell into the second category, and he stated,

I am of the opinion that the possibility of erasing the effects of the Company's unfair labor practices and insuring a fair election by the use of the traditional remedy of a cease-and-desist order is slight, and that in this case the employees sentiment expressed through the authorization cards obtained by the Union would, on balance, be better protected by a bargaining order . . . .

(App. 23).

We disagree. We recognize that "the determination of a remedy is peculiarly within the province of the Board." *Automated Business Systems v. NLRB*, 497 F.2d 262, 272 (6th Cir. 1974); *see Gissel, supra*, at 612 n.32, 89 S.Ct. at 1939 n.32 ("In fashioning its remedies . . . the Board draws on a fund of knowledge and expertise all its own, and its choice of remedy must therefore be given special respect by reviewing courts.") Nonetheless, this court has exercised less deference to the Board and scrutinized its decision more closely when it has imposed the very strong remedy of issuing a bargaining order without holding a new election. *See, e. g., Donn Products, Inc. v. NLRB*, 613 F.2d 162 (6th Cir.), *cert. denied*, 447 U.S. 906, 100 S.Ct. 2988, 64 L.Ed.2d 855 (1980); *NLRB v. East Side Shopper, Inc.*, 498 F.2d 1334 (6th Cir. 1974); *Automated Business Systems v. NLRB*, 497 F.2d 262

(6th Cir. 1974); *Pulley v. NLRB*, 395 F.2d 870 (6th Cir. 1968). Bargaining orders have not been enforced when "[t]he Board made no findings or detailed analysis as to the residual impact ..., or the likelihood of recurrence, of any of the unfair labor practices," or when they are "based on conclusory statements unsupported by sufficient facts," *Donn Products, supra,* at 166, or when the Board's reasoning consisted simply of " 'a litany, reciting conclusions by rote without factual explication,' " *East Side Shopper, supra,* at 1336, *quoting NLRB v. American Cable Systems, Inc.,* 427 F.2d 446, 449 (5th Cir. 1970).

 The Board has failed to support its conclusion that a bargaining order is the only satisfactory remedy in the present case. The ALJ simply recites his findings of the Company's improper activities and then states that a cease-and-desist order could not cure these wrongs. There is no analysis of the residual impact or possible recurrence of these violations, nor explanation why a cease-and-desist order would fail to prevent possible recurrence. Nor is there any " 'analysis of the causal connection between the unfair labor practices and the conclusion that the election process was undermined' " to the point that a bargaining order must issue. *Automated Business Systems, supra,* at 275, *quoting New Alaska Development Corp. v. NLRB,* 441 F.2d 491, 494 (7th Cir. 1971). Given the lack of reasoning to support the Board's conclusion, we decline to enforce the bargaining order. Instead, we believe that the purposes of the Act will be better served by the holding of a new election.

Accordingly, the Board's finding that Rexair engaged in unfair labor practices in violation of 29 U.S.C. §§ 158(a)(1) and 158(a)(3) is affirmed, as is its cease-and-desist order (with the one exception noted below) and the order to restore the working conditions enjoyed by Earl Fox prior to February 6, 1978. The conclusion that Rexair violated 29 U.S.C. § 158(a)(5) by refusing to bargain with the Union is reversed, and enforcement of the order requiring Rexair to recognize and bargain with the Union upon request (including that part of the cease and desist order requiring the Company to cease its refusal to bargain) is denied. References to bargaining will be deleted from the notice to employees that the Board ordered posted.