**G.E.S., INC. d/b/a Big Star No. 185, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 81–1663.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 2, 1982.

Decided Jan. 13, 1983.

Rehearing and Rehearing En Banc Denied March 15, 1983.

John B. Waldrip (argued), New Orleans, La., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Barbara Gehring (argued), Washington, D.C., for respondent.

Before LIVELY and KENNEDY, Circuit Judges and FAIRCHILD,* Senior Circuit Judge.

PER CURIAM.

The employer, G.E.S., Inc. has petitioned this court for review of a decision and order of the National Labor Relations Board which found that it had committed unfair labor practices and which directed the petitioner to bargain with the United Food and Commercial Workers Union. The NLRB has filed a cross-application for enforcement of its decision. The decision and order are reported at 258 N.L.R.B. No. 40. (September 25, 1981).

Following a hearing the administrative law judge found that the petitioner had violated § 8(a)(1) of the National Labor Relations Act in the following manner: by threatening its employees with store closure if the union should became their collective bargaining representative; by coercively interrogating employees with respect to their union activities and those of other employees; by soliciting employees to report on the union activities of other employees; by promising and granting benefits and soliciting the presentation of grievances and adjusting such grievances in order to discourage employees from designating a collective bargaining representative; and by granting its employees excessive wage increases with knowledge of and for the purpose of affecting the union's organizing campaign. In addition to ordering the petitioner to cease and desist from these practices, the administrative law judge recommended that the petitioner be required to recognize and bargain collectively with the union upon request. In ruling on the exceptions to the decision of the administrative law judge, the Board affirmed his findings and conclusions with one exception, finding that one employee whom the administrative law judge found to be a supervisor was not in fact a supervisor within the meaning of the Act. The Board also approved the order as recommended by the administrative law judge.

In this court the petitioner contends that the findings of § 8(a)(1) violations are not supported by substantial evidence and that the Board erred in ordering it to recognize and bargain with the union without the necessity of an election. Upon review of the record this court concludes that the findings of § 8(a)(1) violations are supported by substantial evidence.

With respect to the order requiring the petitioner to bargain with the union, petitioner contends first that the union did not have an authorization card majority at the time such a majority was found by the administrative law judge to exist. To find that the union did not have a majority the court would necessarily have to conclude that certain employees were improperly included in the bargaining unit and that one employee who was claimed by petitioner to be a supervisor, though found by the Board not to be, was in fact a supervisor. Upon consideration of the record this court con-

* The Honorable Thomas Fairchild, Senior Judge, U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

cludes that the evidence supports the finding that the union did have a card majority on the date referred to by the administrative law judge.

Finally, petitioner contends that even if the findings of § 8(a)(1) violations are correct, none of the violations found by the administrative law judge and the Board was serious enough to justify the imposition of a bargaining order. The petitioner contends that all of the unfair labor practices found by the Board were of a minor nature which, under *N.L.R.B. v. Gissel Packing Co.,* 395 U.S. 575, 615, 89 S.Ct. 1918, 1940, 23 L.Ed.2d 547 (1969), will not sustain a bargaining order. The Board maintains to the contrary that the unfair labor practices found in this case were of the second category discussed in *Gissel, supra,* 395 U.S. at 614, 89 S.Ct. at 1940, which do justify a bargaining order if the Board concludes there is slight possibility of erasing their effect and thus insuring a fair election. The petitioner also argues that even if the Board correctly concluded that the unfair labor practices in this case fell into the second category its bargaining order may not be enforced because the Board failed to analyze the continuing effect and demonstrate that the traditional method of selecting a bargaining agent by a Board-conducted election would not suffice.

Upon consideration of the entire record together with the briefs and oral arguments of counsel this court concludes that this was a proper case for a bargaining order. In dealing with this issue the administrative law judge wrote:

> Respondent's threats of plant closure, even though made to one employee, and its posted implied threat of discharge are unfair labor practices of a type the Board has found to be of such gravity as to render a reliable election unlikely and to warrant the issuance of a bargaining order. Add to this Respondent's other un-

fair labor practices, notably the grant of excessive wage increases which touched the entire work force, and the conclusion must be that the violations of the Act in this case were sufficiently extensive and of sufficient gravity that the impact of Respondent's coercive conduct can easily be expected to make a fair election unlikely, and therefore, the employees' signed authorization cards are a more reliable indication of their desire for representation. (Footnotes omitted).

█ We believe this statement of reasons for the bargaining order, which was adopted by the Board, complies with the requirement that a bargaining order be based on more than conclusory statements and that it disclose the reasons which led to its imposition. *See N.L.R.B. v. East Side Shoppers, Inc.,* 498 F.2d 1334 (6th Cir.1974); *Donn Products, Inc. v. N.L.R.B.,* 613 F.2d 162 (6th Cir.), *cert. denied sub nom. United Furniture Workers v. Donn Products, Inc.,* 447 U.S. 906, 100 S.Ct. 2988, 64 L.Ed.2d 855 (1980).

The order of the National Labor Relations Board is enforced.

CORNELIA G. KENNEDY, Circuit Judge, dissenting.

I respectfully dissent from that portion of the majority opinion which enforces issuance of a *Gissel* bargaining order.

The majority quotes the only language employed by the administrative law judge to support his conclusion that issuance of a bargaining order was proper. The administrative law judge listed various violations of the Act and concluded that they "were sufficiently extensive and of sufficient gravity that the impact of [the Company's] coercive conduct can easily be expected to make a fair election unlikely...." (at 159). That statement mirrors language [1] which this Court has found insufficient to support issuance of a *Gissel* bargaining order.

---

1. "I am of the opinion that the possibility of erasing the effects of the Company's unfair labor practices and insuring a fair election by the use of the traditional remedy of a cease-and-desist order is slight, and that in this case

the employees sentiment expressed through the authorization cards obtained by the Union would, on balance, be better protected by a bargaining order ...." *N.L.R.B. v. Rexair, Inc.,* 646 F.2d 249, 250 (6th Cir.1981).

The Board has failed to support its conclusion that a bargaining order is the only satisfactory remedy in the present case. *The ALJ simply recites his findings of the Company's improper activities and then states that a cease-and-desist order could not cure these wrongs.* There is no analysis of the residual impact or possible recurrence of these violations, nor explanation why a cease-and-desist order would fail to prevent possible recurrence. Nor is there any " 'analysis of the causal connection between the unfair labor practices and the conclusion that the election process ·was undermined' " to the point that a bargaining order must issue. (citations omitted) Given the lack of reasoning to support the Board's conclusion, we decline to enforce the bargaining order. Instead, we believe that the purposes of the Act will be better served by the holding of a new election.

*Rexair, Inc.,* 646 F.2d at 251 (emphasis added). Unlike *United Services for the Handicapped v. N.L.R.B.,* 678 F.2d 661, 664–665 (6th Cir.1982), there were no discharges of employees here. Accordingly, I would deny that portion of the Board's order which requires G.E.S., Inc. to bargain without an election.